108 F.3d 1370
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Mae SINGLETARY, Plaintiff-Appellant,
v.
NEW YORK CITY BOARD OF EDUCATION, Defendant-Appellee.
 No. 96-7960.
 United States Court of Appeals, Second Circuit.
 March 21, 1997.
 
 Mae Singletary, pro se, for appellant.
 Stuart D. Smith, Assistant Corporation Counsel (Paul A. Crotty, Corporation Counsel), New York, NY., for appellee.
 Present: JACOBS and CABRANES,*, Circuit Judges.
 
 
 1
 SIFTON, C.J.
 
 
 2
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued.
 
 
 3
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said District Court be and it hereby is affirmed.
 
 
 4
 In September 1992, Singletary filed a Title VII complaint alleging that she was discriminated against by her employer, the New York City Board of Education, in the terms and conditions of her employment on account of her race. At her deposition in March 1993, Singletary admitted that the Board of Education had not discriminated against her, but had allegedly paid her salary to an individual who was fraudulently using her name and social security number.
 
 
 5
 In April 1993, the parties agreed to execute a stipulation of discontinuance after which the district court ordered that the action be discontinued without prejudice to reopening if the stipulation was not consummated. In November 1993, the district court denied Singletary's motion styled as a "consummated settlement for damages." Singletary appealed that decision, and this Court dismissed the appeal. Singletary v. NYC Board of Education, No. 94-7027 (2d Cir. Sept. 9, 1994).
 
 
 6
 Plaintiff continued to write letters to the district court requesting that her case be reopened. In June 1996, the district court construed her letters as a motion under Fed.R.Civ.P. 60(b)(6) and denied her relief.
 
 
 7
 Rule 60(b)(6) provides that the court may relieve a party from an order for any reason justifying relief from the operation of the judgment. Relief under this section of Rule 60(b) may only be granted if the plaintiff can demonstrate "extraordinary circumstances" or "extreme hardship." DeWeerth v. Baldinger, 38 F.3d 1266, 1270 (2d Cir.1994). This Court reviews a denial of relief under Rule 60(b)(6) for an abuse of discretion. Id.; Branhum v. Clark, 927 F.2d 698, 704 (2d Cir.1991).
 
 
 8
 In this case, Singletary has shown no extraordinary circumstance or extreme hardship that would justify relief from the order discontinuing the action. In any event, there is no point in reopening the case because Singletary has admitted that her claims are not based on racial discrimination, but on fraud. It is possible that a fraud allegation could constitute a proper claim if brought in state court, but it is certainly not a proper basis for this federal discrimination action.
 
 
 9
 For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.
 
 
 
 *
 The Hon. Richard J. Cardamone recused himself from consideration of this case